IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 7 2017

CLERK, U.S. DISTRICT COURT
By _____
Deputy

SCOTT DAMON RICHARDSON, §
§
Plaintiff, §
§
V. §   No. 3:17-CV-563-N
§
CLAY JENKINS, ET AL., §
§
Defendants. §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this

case has been referred to the United States Magistrate Judge. The findings, conclusions and

recommendation of the Magistrate Judge follow:

## I.     Background

Plaintiff filed this complaint pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988. He is

proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*.

Defendants are Dallas County Judge Clay Jenkins, Dallas County, and unknown defendants. The

Court has not issued process pending judicial screening.

Petitioner alleges that on February 14, 2017, he sent a request for information to Dallas

County officials to obtain, "the records of ALL Police Officers that have been placed on the

BRADY LIST, aka DO NOT SUPPORT LIST, or any other name that refers to the policy of

training and compliance with said policy." (Compl. at 5.) He asserts defendants' reply was

nonresponsive and that no information was produced. He claims Defendant Jenkins allowed the

-1-

suppression of this information and ensured or condoned insufficient training by prosecutors and that Jenkins "embraced lawless violence as an engine of plunder, ensuring abuse of Police power, jeopardizing the community standard, likewise created tortuous (sic) liability for the County, a hazard to the people He sworn (sic) to protect and serve, per His fiduciary duties." (*Id.*)

The Court takes notice that, as used in Petitioner's complaint, *Brady* refers to *Brady v. Maryland*, 373 U.S. 83 (1963), under which a constitutional violation may accrue if material evidence favorable to a defendant is suppressed by the state.

## II.    Screening

A district court may summarily dismiss a complaint filed *in forma pauperis*, such as the complaint filed by Plaintiff, if the Court at any time determines that the action

(I) is frivolous or malicious;
(ii) fails to state a claim upon which relief may be granted; or
(iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(b).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir.

-2-

2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

## III.    Discussion

To satisfy the case-or-controversy requirement of Article III of the United States Constitution, Plaintiff must establish that he has "suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997); *accord Dep't of Tex., Veterans of Foreign Wars of U.S. v. Tex. Lottery Comm'n*, 760 F.3d 427, 432 (5th Cir. 2014) (en banc) ("To establish Article III standing, a plaintiff must show 'an injury-in-fact caused by a defendant's challenged conduct that is redressable by a court.'" (quoting *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010)).

The allegedly illegal conduct of the named defendants is their failure to implement applicable training with regard to *Brady*. This interpretation of the complaint is bolstered by

-3-

Plaintiff's citation to *Connick v. Thompson*, 563 U.S. 51 (2011), to support his request for more than $66 million in damages. (*See* Compl. at 13-14.) In *Connick*, the Supreme Court considered whether a district attorney's office could be liable under § 1983 for failure to train based on a single *Brady* violation and determined it could not.

The only injury Plaintiff has alleged is that "[t]here is evidence that [he] was falsely accused of committing a breach of Texas Penal Code, when absent a 4th Amendment warrant, or in the commission of a felony." (Compl. at 6.) Plaintiff fails to allege that his rights as protected by *Brady* have been violated. As such, even if the *Brady*-training-policy claim Plaintiff now alleges is viable, Plaintiff lacks Article III standing to assert it.

## IV.   Recommendation

For the foregoing reasons, the Court recommends that Plaintiff's complaint be dismissed without prejudice.

Signed this 17 day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).